## SHIRK v. LEE.

(Circuit Court of Appeals, Fourth Circuit. December 20, 1924.)

No. 2290.

**1. Descent and distribution ⬤⇨17—Wills ⬤⇨7 —Heir at law is not seized of property, title to which is vested in trustee.**

Under the law of Maryland, an heir at law of a testator, who devised real estate in trust, is not seized of any interest therein which he can devise by will while the title is in the trustee, and on reverter only those who are heirs of the original testator at that time can claim.

**2. Wills ⬤⇨7—Will of heir at law held to convey no interest in estate held in trust.**

A testatrix devised real and personal property in trust, the income to be divided equally between her three sons or the survivor or survivors of them, the issue, or, lacking issue, the widow, of one deceased to take his share, and after the death of all the sons, and on the youngest of their issue reaching majority, the estate to be divided among such issue and the widow, if any surviving, of a son leaving no issue, the issue or widow taking the share of the deceased father or husband. The sons died, and on the death of the last one there were no issue nor widow of either surviving, but one son, who had previously died, left a widow, to whom he devised and bequeathed his residuary estate, and on her death she devised and bequeathed her residuary estate to complainant. *Held,* that complainant took no interest in the estate of the first testatrix, but that estate, because of the resulting intestacy, passed to her then heirs at law.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Suit in equity by David M. Shirk against S. Cassandra Lee, individually and as executrix of the will of Octavius J. Norris, deceased. Decree for defendant, and complainant appeals. Affirmed.

W. Conwell Smith, of Baltimore, Md., for appellant.

John L. G. Lee, of Baltimore, Md., for appellee.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The controversy in this case concerns property or the proceeds of property which at the time of the death in 1865 of Cassandra Norris, a resident of Harford county, Md., belonged to her. By her will she devised and bequeathed to her son, Octavius J. Norris, his heirs and personal representatives, certain real and personal property in trust, to farm, improve, manage, sell, invest, and reinvest, and to divide the net income thereof "into as many parts as there may from time to time be children of mine living or represented by issue or in default of issue by a widow, so long as she remains the widow of either of my sons, the issue or in default of issue the widow taking his, her or their parent's or husband's shares respectively and at his discretion either to apply for the support of or to pay to each of my children or their issue or in default of issue, widow, who may be of age, his, her or their own share of such income for his, her or their own use and to apply so much of the income of such of said children or issue as may be under age to his, her or their maintenance and education and the residue to accumulate for such child, children or issue, until he, she or they shall respectively reach the age of majority and when and as so soon as all my children be dead and the youngest of their issues shall become of age, then in trust to divide the principal or capital of my estate into so many parts as there may then be children of mine represented by issue or widow. Such issue or in default of issue, widow, taking it or their parent's or husband's share and to assign, transfer or set over to each his, her or their pro rata share with his or their respective accumulations to hold to him, her or them, his, her or their heirs or assigns forever." The will named the trustee as executor also.

Mrs. Norris left surviving her three children, all sons, John, Septimus, and Octavius. The income was accordingly divided into three parts, and each of the sons received one-third of it until the death in December, 1891, of Septimus; but he was survived by a widow, Laura O. Norris, who received one-third of the income until her death in May, 1907. For a few months thereafter the net income was equally divided between John and Octavius. The former died in August, 1907, without leaving either widow or descendants. For the next 16 years Octavius, in accordance with the provisions of his mother's will, retained all the income for his own use. In October, 1923, he, too, passed away, and neither widow nor issue survived him. As there was no one left who could claim under the will of the original testatrix, an intestacy manifested itself.

[1, 2] Septimus at the time of his death was a resident of Pennsylvania. By his will, after making some trifling legacies, he left all the residue of his estate, real and personal, to his wife, Laura O., absolutely. She in turn left a will, by which, after making certain legacies and exercising certain

powers of appointment having no relation to the property here in controversy, she devised and bequeathed all the residue of her estate, real and personal, to her nephew, David M. Shirk, plaintiff below, appellant here. The defendant and appellee is the executrix and residuary devisee and legatee of Octavius. The plaintiff by his bill asked that the defendant account for the trust reposed in Octavius, and that she be required to transfer and pay over to him the share of Septimus in the trust property. He does not claim to be an heir at law to the original testatrix, Cassandra Norris, and, because he does not, the defendant says he has no interest in her estate.

Both sides agree that, in the absence of any disposition by any one of the sons of the original testatrix of his interest as heir at law in her estate, the property would now go to those persons who at the death of Octavius were her heirs, and that no one would be entitled to claim any interest in that property as the heir of any one of her sons. The plaintiff, however, contends that the result is different when, as here, one of the sons by will left all that he could devise to some one not an heir at law of his mother. In plaintiff's view, it has been settled for centuries that such a devise amounts to taking a constructive seizin of the devisor's share in the estate to which he is at the time an heir. Defendant replies that such is certainly not the case in Maryland, when the devise by the heir at law is made or attempted to be made at a time when the legal title to the ancestor's estate is in a trustee, as in this case she says it was. The learned judge below was of this opinion, and accordingly dismissed the plaintiff's bill.

The learned, able, and industrious counsel for the plaintiff does not deny that upon the facts his case is indistinguishable from that of Conner v. Waring, 52 Md. 732, in which the Court of Appeals spoke through the mouth of the late Judge Alvey. It was there said that the result for which the appellant in that case contended, as does the plaintiff in this, had been "altogether defeated by the interposition of trustees to take the legal estate, instead of devolving it directly upon parties to take the beneficial estates under the power," and that the estate, "becoming vested by way of reverter, can only be claimed by those who could, at the time of such reverter, show themselves to be heirs to the original donor of the power"—"the intermediate heirs of such donor not having been so seized as to render them new stocks of inheritance." The learned counsel for the plaintiff argues that the holding in that case cannot be logically reconciled with much which was said and decided by the same court in cases preceding and following it. Nevertheless, so far as we know, it has never been in terms overruled, or indeed even so much as criticized, by the court which made it.

The old common-law rule which the plaintiff invokes is a highly technical one. This, perhaps, is especially true when, as in the case before us, there is nothing to show that there was any conscious purpose on the part of Septimus to dispose of any part of his mother's estate or any interest in it. His intention to do so is deduced from his general devise of all the residue of his estate. It is not questioned that such language is as effective to dispose of whatever possibility of reverter of his mother's estate is willable by him as if he had made specific mention of it; but that it may do so, and may in consequence change the stock of descent, is an illustration of how artificial is the rule upon which the plaintiff relies, namely, that such a devise amounts to taking a constructive seizin of the estate.

Plaintiff contends that the distinction made by the Court of Appeals of Maryland rests upon a narrow basis. True enough, but the doctrine upon which he must perforce put his case is in itself purely technical. Under such circumstances, we see no occasion to differ with the highest court of the state as to a rule of law controlling the descent of real property within it, even if, for the purposes of the argument only, it be assumed that we are at liberty to do so.

Affirmed.